## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUZANNE A. NORTH, an individual, | Case No.: 2:11-cv-00136-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Emergency Motion to Dissolve or, in the Alternative, Modify Temporary Restraining Order and Preliminary Injunction–#4) |
| BANK OF AMERICAL CORP., a foreign corporation; RECONTRUST COMPANY, a foreign corporation; PRLAP, INC., a foreign registered corporation; BAC HOME LOAN SERVICING, LP, a foreign registered L.P., | |
| Defendants. | |

Before the Court is Defendants Bank of America, Corp., ReconTrust Company, PRLAP, Inc., and BAC Home Loan Servicing L.P.'s **Emergency Motion to Dissolve or, in the Alternative, Modify Temporary Restraining Order and Preliminary Injunction** (#4), filed January 27, 2011.

### BACKGROUND

This dispute arises from Plaintiff Suzanne A. North's allegations that her mortgage lenders committed illegal acts and are now attempting to wrongfully foreclose upon her property located at 220 E. Bronco Street, Pahrump, Nevada 89048 (the "Property"). (Dkt. #1, Pet. for

1

AO 72
(Rev. 8/82)

1   Removal Ex. C., Am. Compl; Ex. D Second Am. Compl.)   After North defaulted on her loan and
2   was refused loan modification, Defendants initiated foreclosure proceedings in September 2010.
3           On January 10, 2011, North filed a petition for judicial review in the Fifth Judicial
4   District Court of the State of Nevada (the "State Court").  She subsequently amended her petition
5   into a complaint, which she has since amended twice.  The State Court then issued a "Temporary
6   Restraining Order / Preliminary Injunction" on January 20 that was to last until February 28.  (Dkt.
7   #1, Ex. F, Order.)  Defendants removed the case to this Court on January 25 under diversity
8   jurisdiction.  Defendants now bring a motion seeking to have the State Court injunction dissolved.
9   Defendants argue that the injunction was improperly granted and over broad.  For the reasons
10  discussed below, the Court grants the motion and dissolves the injunction.

## DISCUSSION

12          Dissolving a preliminary injunction or temporary restraining order is within the
13  sound discretion of the district court.  *Owen v. Perkins Oil Well Cementing Co.*, 2 F.2d 247, 247
14  (9th Cir. 1924).  Furthermore, 28 U.S.C. § 1450 provides that an injunction issued by a state court
15  prior to removal will remain in effect after removal "until dissolved or modified by the district
16  court."  The district court then has the same power to modify or dissolve the order as the state
17  court would have had the case not been removed.  Am. Jur. *Federal Courts* § 1469.  The Federal
18  Rules of Civil Procedure then govern the dissolution of an injunction after removal.  *See Granny*
19  *Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 437–438 (1974).  Therefore, the
20  Court may dissolve the State Court injunction if, after review, the Court determines that a TRO is
21  not warranted.  *See* Fed. R. Civ. P. 65; 28 U.S.C. § 1450; *see also Qualitybuilt.com v. Coast to*
22  *Coast Eng'r Serv., Inc.*, No. 07–cv–627 WGH (AJB), 2007 WL 1159968 (S.D. Cal. April 18,
23  2007) (dissolving a TRO after removal because the plaintiff did not meet the requirements for a
24  TRO); *North Dakota v. U.S. Army Corps of Eng'rs*, 264 F. Sup. 2d 871 (D. N.D. 2003) (dissolving
25  a TRO after removal because the plaintiff did not show a likelihood of irreparable harm).
26  /

1    Under Rule 65(b) of the Federal Rules of Civil Procedure, a temporary restraining
2    order requires a showing of: (1) a likelihood of success on the merits, (2) a likelihood of
3    irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor,
4    and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, Inc., 129 S. Ct.
5    365, 374 (2008).  Applying *Winter*, the Ninth Circuit has since held that, to the extent previous
6    cases suggested a lesser standard, "they are no longer controlling, or even viable." *Stormans, Inc.*
7    *v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).  Thus, a party must satisfy each of these four
8    requirements.

9    Plaintiff asked the State Court to enjoin the foreclosure sale of her home and all
10   other homes where ReconTrust is party to the proceedings.  The State Court subsequently granted
11   a TRO and preliminary injunction.  The Court now reviews this order.  Temporary restraining
12   orders and preliminary injunctions are extraordinary forms of relief, and the Court cannot
13   issue—or maintain in this case—such relief without Plaintiff demonstrating a likelihood of success
14   on the merits.  Plaintiff's amended complaint does not show a likelihood of success because this
15   Court has repeatedly ruled against claims such as those Plaintiff brings.  *See, e.g., Berilo v. HSBC*
16   *Mortg. Corp., USA*, No. 2:09-cv-02353-RLH-PAL, 2010 WL 1544097 (D. Nev. April 16, 2010).
17   The ever-expanding body of case law within this district holds that the Nevada law governing non-
18   judicial foreclosure, NRS § 107.080, does not require a lender to produce the original note nor
19   does it require that ReconTrust be substituted as trustee under the deed of trust as prerequisites to
20   non-judicial foreclosure proceedings.  *See Weingartner v. Chase Home Finance, LLC*, 702 F.
21   Supp. 2d 1276, 1280 (D. Nev. 2010).[1]

---

[1] *See also, Birkland v. Silver State Fin. Services, Inc.*, No. 2:10-cv-00035-KJD-LRL, 2010 WL 3419372 (D. Nev. Aug. 25, 2010); *Moon v. Countrywide Home Loans, Inc.*, No. 3:09-cv-00298-ECR-VPC, 2010 WL 522753 (D. Nev. Feb. 9, 2010); *Gomez v. Countrywide Bank, FSB.*, No. 2:09-cv-01489-RCJ-LRL, 2009 WL 3617650 (D. Nev. Oct.26, 2009), *Ernestberg v. Mortgage Investors Group*, No. 2:08-cv-01304-RCJ-RJJ, 2009 WL 160241 (D. Nev. Jan. 22, 2009); *Wayne v. HomEq Servicing, Inc.*, No. 2:08-cv-00781 RCJ-LRL, 2008 WL 4642595 (D. Nev. Oct. 16, 2008).

AO 72
(Rev. 8/82)

Furthermore, the State Court did not require Plaintiff to post a bond, which under Nevada law renders the TRO void. *See Dangberg Holdings Nev., L.L.C. v. Douglas Cnty.*, 978 P.2d 311, 320–21 (Nev. 1999) ("the district court's failure to require the applicant to post security voids an order imposing a preliminary injunction" where the same rule applies to TROs).

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Emergency Motion to Dissolve or, in the Alternative, Modify Temporary Restraining Order and Preliminary Injunction (#4) is GRANTED and the State Court order is dissolved.

Dated: January 31, 2011.

_____
**ROGER L. HUNT**
**Chief United States District Judge**