# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUZANNE A. NORTH, an individual, ) | Case No.: 2:11-cv-00136-RLH-PAL |
| ) | |
| Plaintiff, ) | ***NUNC PRO TUNC* CORRECTION** |
| ) | **OF O R D E R # 6** |
| vs. ) | |
| ) | (Emergency Motion to Dissolve or, in |
| BANK OF AMERICA CORP., a foreign ) | the Alternative, Modify Temporary |
| corporation; RECONTRUST COMPANY, a ) | Restraining Order and Preliminary |
| foreign corporation; PRLAP, INC., a foreign ) | Injunction–#4) |
| registered corporation; BAC HOME LOAN ) | |
| SERVICING, LP, a foreign registered L.P., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

On January 31, 2011, this Court entered an Order (#6) granting Defendants' motion. The Court is now aware of some inadvertent errors in that Order and issues this *nunc pro tunc* correction order for the limited purpose of making the record reflect what the Court did not sufficiently express in the original order. *See In re Warren*, 568 F.3d 1113, 1116 n.1 (9th Cir. 2009).

\* \* \*

Before the Court is Defendants Bank of America, Corp., ReconTrust Company, PRLAP, Inc., and BAC Home Loan Servicing L.P.'s **Emergency Motion to Dissolve or, in the Alternative, Modify Temporary Restraining Order and Preliminary Injunction** (#4), filed January 27, 2011.

1

AO 72
(Rev. 8/82)

**BACKGROUND**

This dispute arises from Plaintiff Suzanne A. North's allegations that her mortgage lenders committed illegal acts and are now attempting to wrongfully foreclose upon her property located at 220 E. Bronco Street, Pahrump, Nevada 89048 (the "Property"). (Dkt. #1, Pet. for Removal Ex. C., Am. Compl; Ex. D Second Am. Compl.)   After North defaulted on her loan and was refused loan modification, Defendants initiated foreclosure proceedings in September 2010.

On January 10, 2011, North filed a petition for judicial review in the Fifth Judicial District Court of the State of Nevada (the "State Court").  She subsequently amended her petition into a complaint, which she has since amended twice.  Although Defendants have yet to schedule her property for sale, North asked the State Court to enjoin the potential foreclosure sale of her home and all other homes where ReconTrust is party to the proceedings.  On January 20, the State Court issued a "Temporary Restraining Order / Preliminary Injunction" enjoining ReconTrust from "conducting any non-judicial foreclosures, regardless of who the lender or mortgagee is regarding any real or personal property situated in the State of Nevada." (Dkt. #1, Ex. F, State Court Order.) The order was effective from January 20 through February 28.  Defendants removed the case to this Court on January 25 under diversity jurisdiction.  Defendants now bring a motion seeking to have the State Court injunction dissolved.  Defendants argue that the injunction was improperly granted and over broad.  For the reasons discussed below, the Court grants the motion and dissolves the injunction.

**DISCUSSION**

Dissolving a preliminary injunction or temporary restraining order is within the sound discretion of the district court. *Owen v. Perkins Oil Well Cementing Co.*, 2 F.2d 247, 247 (9th Cir. 1924). Furthermore, 28 U.S.C. § 1450 provides that an injunction issued by a state court prior to removal will remain in effect after removal "until dissolved or modified by the district court." The district court then has the same power to modify or dissolve the order as the state court would have had the case not been removed. Am. Jur. *Federal Courts* § 1469. The Federal

Rules of Civil Procedure then govern the dissolution of an injunction after removal. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 437–438 (1974). Therefore, the Court may dissolve the State Court injunction if, after review, the Court determines that a TRO is not warranted. *See* Fed. R. Civ. P. 65; 28 U.S.C. § 1450; *see also Qualitybuilt.com v. Coast to Coast Eng'r Serv., Inc.*, No. 07–cv–627 WGH (AJB), 2007 WL 1159968 (S.D. Cal. April 18, 2007) (dissolving a TRO after removal because the plaintiff did not meet the requirements for a TRO); *North Dakota v. U.S. Army Corps of Eng'rs*, 264 F. Sup. 2d 871 (D. N.D. 2003) (dissolving a TRO after removal because the plaintiff did not show a likelihood of irreparable harm).

Under Rule 65(b) of the Federal Rules of Civil Procedure, a temporary restraining order requires a showing of: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, Inc., 129 S. Ct. 365, 374 (2008). Applying *Winter*, the Ninth Circuit has since held that, to the extent previous cases suggested a lesser standard, "they are no longer controlling, or even viable." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). Thus, a party must satisfy each of these four requirements.

Temporary restraining orders and preliminary injunctions are extraordinary forms of relief, and the Court cannot issue—or maintain in this case—such relief when North has not demonstrated a likelihood of success on the merits. North's claims focus on the allegation that ReconTrust is carrying out unlawful foreclosures and further allege that it violated contractual privity between herself and the other Defendants by recording notices on their behalf. She argues that Nevada law does not give ReconTrust the legal authority to carry out such non-judicial foreclosure proceedings because it is not a trustee or beneficiary to the promissory note and deed of trust on her property. However, this Court has repeatedly dismissed complaints with similar allegations for failure to state a claim or granted summary judgment against such claims. *See, e.g., Weingartner v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1280 (D. Nev. 2010). The

1  ever-expanding body of case law within this district demonstrates that the Nevada law governing
2  non-judicial foreclosure, NRS § 107.080, does not require a lender to produce the original note to
3  commence non-judicial foreclosure proceedings. *See id.*[1] Neither does NRS § 107.080 require
4  that a particular party—trustee, beneficiary, or their assigns—record notices of default or trustee
5  sale. *Berilo v. HSBC Mortg. Corp.*, No. 2:09-cv-02353-RLH-PAL, 2010 WL 2667218, at *4 (D.
6  Nev. June 29, 2010). Consequently, nothing prevents an authorized agent from recording a notice
7  of default on the trustee's behalf. *Id.* (citing *Croce v. Trinity Mortg. Assur. Corp.*, No.
8  2:08-CV-01612-KJD-PAL, 2009 WL 3172119, at *4–5 (D. Nev. Sept. 28, 2009)). Thus, North
9  has not demonstrated a likelihood of success on the merits of her claims because Defendants were
10 not required to substitute ReconTrust as trustee under the deed of trust as a prerequisite to non-
11 judicial foreclosure proceedings.

12         Furthermore, the Court finds that the State Court TRO must be dissolved due to
13 multiple procedural deficiencies. First, the State Court did not require North to post a bond, which
14 under Nevada law renders the TRO void. *See Dangberg Holdings Nev., L.L.C. v. Douglas Cnty.*,
15 978 P.2d 311, 320–21 (Nev. 1999) ("the district court's failure to require the applicant to post
16 security voids an order imposing a preliminary injunction" where the same rule applies to TROs).
17 Second, the TRO exceeds the 14-day limit provided by Rule 65(b)(2) (and the 15-day limit under
18 Rule 65 of the Nevada Rules of Civil Procedure); however, Defendants were not given an
19 opportunity to respond to North's request for injunctive relief prior to exceeding those limits.
20 Finally, the TRO was over broad as North requested and received relief for parties who are not
21 joined in this case. *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1984) (injunctive relief must

---

[1] *See also, Goodwin v. Exec. Tr. Serv.*, LLC, 680 F. Supp. 2d 1244 (D. Nev. 2010); *Urbina v. Homecoming Lending, Inc.*, 681 F. Sup. 2d 1254 (D. Nev. 2009); *Birkland v. Silver State Fin. Services, Inc.*, No. 2:10-cv-00035-KJD-LRL, 2010 WL 3419372 (D. Nev. Aug. 25, 2010); *Moon v. Countrywide Home Loans, Inc.*, No. 3:09-cv-00298-ECR-VPC, 2010 WL 522753 (D. Nev. Feb. 9, 2010); *Gomez v. Countrywide Bank, FSB*, No. 2:09-cv-01489-RCJ-LRL, 2009 WL 3617650 (D. Nev. Oct. 26, 2009); *Ernestberg v. Mortgage Investors Group*, No. 2:08-cv-01304-RCJ-RJJ, 2009 WL 160241 (D. Nev. Jan. 22, 2009).

be limited to only to the individual plaintiffs before the court, unless the district judge certifies a class of plaintiffs); *see also Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 481 (1978).

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Emergency Motion to Dissolve or, in the Alternative, Modify Temporary Restraining Order and Preliminary Injunction (#4) is GRANTED and the State Court order is dissolved.

Dated: January 31, 2011.

_____
**ROGER L. HUNT**
**Chief United States District Judge**