# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUZANNE A. NORTH, | Case No.: 2:11-cv-00136-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss –#10) |
| BANK OF AMERICA CORP., a Foreign Corporation; RECONTRUST COMPANY, a Foreign Corporation; PRLAP, INC., a Foreign Registered Corporation; BAC HOME LOAN SERVICING, LP, a Foreign Registered L.P.; CORPORATIONS ROE 1 – 10; AND JOHN/JANE DOES 1 – 100, | |
| Defendants. | |

Before the Court is Defendants' **Motion to Dismiss** (#10, filed Feb. 4, 2011). The Court has also considered Plaintiff's Opposition (#13, filed Feb. 23, 2011), and Defendants' Reply (#15, filed Mar. 7, 2011).

## BACKGROUND

This dispute arises from Plaintiff's allegations that her mortgage lenders are attempting to wrongfully foreclose upon her property located at 220 E. Bronco Street, Pahrump,

AO 72
(Rev. 8/82)

1

Nevada 89048 (the "Property").[1]  In 2006, Plaintiff obtained a $273,000 loan from Bank of America, N.A. (BANA), a subsidiary of Bank of America (BOA).  Plaintiff had trouble meeting her payments, and in July 2009 she approached BOA to request a loan modification.  Plaintiff alleges BOA told her she was ineligible for loan modification under the Home Affordable Modification Act because she was current on her payments; however, "if she were to allow the loan to become THREE (3) payments past due, then a loan modification was possible" (Dkt. #1 Ex. D, Pl.'s Second Am. Compl. ¶ 21.)  (hereinafter "Pl.'s Second Am. Compl.")  Plaintiff withheld payment from August to October 2009.  She also did not pay her November 2009 payment while waiting for modification paperwork; however she made monthly payments during a modification trial period.  BOA eventually determined Plaintiff did not qualify for modification and sent her a notice of intent to accelerate.  In September 2010, ReconTrust, acting as an agent for BANA, filed a notice of default/election to sell under deed of trust (the "Notice of Default").  The parties later held a mandatory mediation, which was unsuccessful.

On January 10, 2011, Plaintiff filed in the Fifth District Court of the State of Nevada (the "State Court") a Petition for Judicial Review of the Parties' Mediation.  Four days later, on January 14, 2011, Plaintiff filed a Motion for Leave to Amend the Petition to a Complaint (the "First Amended Complaint").  Subsequently, on January 20, 2011, Plaintiff filed a Motion for Leave to Amend the Amended Complaint (the "Second Amended Complaint").  That same day, Plaintiff also filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (collectively, the "TRO"), which the State Court granted.  The State Court did not rule on either motion to amend, and Defendants removed the action to this Court on January 25, 2011.

---

[1] In her complaint, Plaintiff states, "[t]his Complaint also encompasses the Plaintiff's prior property situated at 5620 Mary Lou, Pahrump, Nevada 89061, which was foreclosed upon in 2009 under similar circumstances by the same Parties, for which the Plaintiff suffered loss and damages." (Pl's Second Am. Compl. ¶ 1.) Plaintiff alleges the property was foreclosed upon under similar circumstances as the Property addressed in this order. However, Plaintiff provides no evidence the circumstances between the treatment of the two properties was similar. More importantly, Plaintiff makes no factual allegations demonstrating any of the claims relate to that property at 5620 Mary Lou. Therefore the Court will not apply claims herein to this second property.

Now before the Court is Defendants' motion to dismiss. For the reasons discussed below, the Court grants Defendants' motion.

## DISCUSSION

The Court will first address the pending motions to amend. Then it will consider the Plaintiff's claims as outlined in the applicable complaint. Finally, the Court will consider plaintiff's request in her Opposition to amend her complaint.

### I.   First and Second Amended Complaints

#### A.   Legal Standard

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend a pleading which requires a responsive pleading once as a matter of course. Fed. R. Civ. P. 15(a). The party must amend the pleading within "(A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under 12(b), (e), or (f), whichever is earlier." *Id*. In all other cases, the party may only amend with written consent from the opposing party or leave of the court. Rule 15 does not require a specific form of writing, and a court may interpret consent "from an act of the party indicating an acquiescence in the amendment." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE §1490 (3d ed. 2010).

#### B.   Analysis

The Court finds the Second Amended Complaint is the operative complaint in this case. Plaintiff met the filing deadline: she filed the first motion for leave to amend four days after filing her initial petition. Although the State Court did not rule on the motion, it did grant Plaintiff's motion for the TRO, which implies the State Court accepted Plaintiff's First Amended Complaint and no longer viewed the action as a motion for judicial review of the mediation. Regardless, in their motion to dismiss, Defendants move to dismiss both amended complaints. Though not a specific written consent to amend, the motion to dismiss is a writing from the Defendants that accepts both amendments as documents in this case. Therefore, the court finds

Defendants provided written consent for Plaintiff's First and Second Amended Complaints. Because an action may only have one operative complaint, the Court recognizes the later-filed Second Amended Complaint as the operative complaint.

## II.     Motion to Dismiss

### A.     Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted). However, the Court also notes the well-established rule that *pro se* complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949. Where

the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

Plaintiff asserts eight claims against the Defendants: (1) release of obligation to beneficiary, (2) wrongful foreclosure, (3) slander of title, (4) negligence, (5) fraud and intentional misrepresentation, (6) violation of the implied covenant of good faith and fair dealing, (7) unjust enrichment, (8) violation of Nevada unfair trade practices statutes, and (9) injunctive relief.

**B.     Analysis**

    **1.     Release of Obligation to Beneficiary**

In her complaint, Plaintiff argues Defendants failed to provide proper notice as required by NRS § 107.095. Specifically, Plaintiff argues the Notice of Default was void because ReconTrust was neither a party to the contract nor substituted as a trustee until after it recorded the Notice. Under NRS § 107.080, as applied at the time ReconTrust filed the Notice, "[t]he beneficiary, the successor in interest of the beneficiary or the trustee" may execute and record a notice of breach and election of sale. NRS § 107.080(2)(c). This includes authorized agents of a trustee or beneficiary, even if a substitution of trustee has not been recorded. *Berilo v. HSBC Mortg. Corp., USA*, No. 2:10-cv-00035-RLH-PAL, 2010 WL 2667218, *4 (D. Nev. Aug. 25, 2010). In this case, ReconTrust filed the Notice of Default acting as an agent for the Beneficiary. Because Nevada law allows an agent to file a notice of default, Plaintiff fails to state a claim that the notice of default was improper.

Plaintiff also argues the Defendants ReconTrust and BOA have provided no evidence to "conclusively establish beyond any factual controversy whether Defendant ReconTrust had the contractual authority to initiate foreclosure proceedings." (Dkt. #13, Pl.'s Opp'n ¶ 52.) To survive a motion to dismiss, "[f]actual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiff's assertion is speculative: she provides no evidence to

support it. At best, the Court can only infer the mere possibility that ReconTrust had not contracted to act as an agent for BOA. Accordingly, the Court dismisses this cause of action.

### 2. Wrongful Foreclosure

Plaintiff argues in her complaint that ReconTrust "had no legal right to prepare or record the Notice" and, therefore, ReconTrust and the other Defendants "engaged in a fraudulent foreclosure." (Pl.'s Second Am. Compl. ¶¶ 63–64.) As outlined above in section II.B.1, however, ReconTrust filed a proper notice of default as an agent of the beneficiary. The assertion that ReconTrust had no legal right to file the Notice therefore fails.

Furthermore, Plaintiff has not met the requirements of a wrongful foreclosure claim. To succeed on a claim for wrongful foreclosure, the plaintiff must show that (1) defendant exercised a power of sale or foreclosed on plaintiff's property and (2) at the time defendant exercised a power of sale, there was no breach of a condition or failure of performance existing on the plaintiff's part that would have authorized the foreclosure or exercise of power of sale. *Pineda v. Bank of Am. Home Loans*, 2:10-CV-01958-RLH, 2011 WL 1981927 (D. Nev. May 20, 2011) (citing *Collins v. Union Fed. Sav. and Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983)). Plaintiff has not shown, in either her complaint or her opposition, that Defendants have exercised the power of sale or foreclosure. Therefore, Plaintiff has not met the required elements of a wrongful foreclosure claim.

Even if foreclosure or sale has occurred, Plaintiff has not met the second required element by showing she did not breach a condition of the contract or fail to perform. Plaintiff argues in her opposition that she was not in default because she missed three payments at the direction of BOA. However, Plaintiff's recitation of the facts demonstrates otherwise. Plaintiff states, "BOA told Plaintiff that it could not modify Plaintiff's loan because she was current; however, if she were to allow the loan to become THREE (3) payments past due, then a loan modification *was possible*." (Pl.'s Second Am. Compl. ¶ 21) (emphasis added). Plaintiff states in her opposition that she then missed three payments "with the *belief* that when she was THREE (3)

AO 72
(Rev. 8/82)

mortgage payments past due that a loan modification would be granted." (Dkt. #13, Pl.'s Opp'n, ¶ 68) (emphasis added). Plaintiff admits she missed three payments, thereby putting her account in default. Plaintiff also admits that, although she believed her modification would be granted, BOA only told her modification was *possible*. Because Plaintiff has not demonstrated either element of a wrongful foreclosure claim, the Court dismisses this cause of action.

### 3. Slander of Title

Plaintiff alleges the Defendants slandered her title to the Property because neither ReconTrust nor BAC Home Loans Servicing had the legal right to record a notice of default. "Slander of title involves false and malicious communications, disparaging to one's title in land, and causing special damage." *Exec. Mgmt. v. Ticor Title Ins. Co.*, 114 Nev. 823, 963 P.2d 465, 478 (Nev. 1998). As stated in section II.B.1, ReconTrust did have legal authority to file a notice of default. As to Defendant BAC Home Loans Servicing, Plaintiff offers no facts outlining BAC Home Loan's involvement, therefore the Court grants the motion to dismiss as to that Defendant.

Because ReconTrust acted legally, the remaining analysis questions whether the notice was "false and malicious." Plaintiff alleges in her opposition that Defendants slandered her title because she was not in default at the time ReconTrust recorded the notice. To support this claim, Plaintiff argues the Defendants committed a "first breach" by directing her to miss payments; she further argues her failure to make the three payments was a direct result of that first breach. As outlined in section II.B.2, however, plaintiff decided to miss three payments on the promise of the *possibility* of modification, and her expectation that the bank would undoubtedly modify her loan was unreasonable. The Court finds ReconTrust did not slander the title because the notice was not false or malicious and ReconTrust had the authority to record it. Accordingly, the Court dismisses Plaintiff's claim for slander of title.

### 4. Negligence

In her complaint, Plaintiff claims Defendants breached their duty of care by providing improper notice and foreclosing without legal authority. In her opposition, Plaintiff

7

1  further alleges that under the contract, "*the Defendants did have a duty not to breach [the]
2  contract!*" (Dkt. #13, Pl.'s Opp'n, ¶ 79) (emphasis in original). To bring a negligence claim in
3  Nevada, a plaintiff must show that (1) defendant owed a duty of care to plaintiff; (2) defendant
4  breached that duty; (3) defendant's breach was the actual and proximate cause of the plaintiff's
5  injuries; and (4) plaintiff was injured. *Scialabba v. Brandise Constr.*, 921 P.2d 928, 930 (Nev.
6  1996). Liability based on negligence does not exist without a breach of a duty. *Bradshaw v.
7  Blystone Equip. Co. of Nev.*, 386 P.2d 396, 397 (Nev. 1963).

8  First, as demonstrated in the preceding sections, ReconTrust did have legal
9  authority to record a notice of default. Therefore, the Defendants did not breach any duty to
10 provide proper notice. Second, it is well established that a lender does not owe a duty of care to its
11 borrower. *Larson v. Homecomings Fin., LLC*, 680 F.Supp 2d. 1230, 1235 (D. Nev. 2009);
12 *Nymark v. Heart Fed. Savings & Loan Ass'n.*, 231 Cal. App. 3d 1089, 1096 (Cal. Ct. App. 1991)
13 (holding that "a financial institution owes no duty of care to a borrower when the institution's
14 involvement in the loan transaction does not exceed the scope of its conventional role as a mere
15 lender of money"). Plaintiff's assertion that Defendants owed a duty of care simply because a
16 contract existed, without reference to a specific duty in the contract, does not hold because no such
17 duty exists. Accordingly, the Court dismisses Plaintiff's negligence claim.

18 **5.  Fraud and Misrepresentation**

19 Although not specifically pleaded, Plaintiff includes elements of fraud and
20 intentional misrepresentation in her complaint. Because courts should construe *pro se* plaintiffs'
21 claims liberally, the Court assumes Plaintiff intended to plead these separate claims and addresses
22 them below.

23 In her negligence claim, Plaintiff alleges the Foreclosing Defendants concealed
24 material facts "with the intent to defraud Plaintiff." (Pl's Second Am. Compl. ¶ 45.) Plaintiff
25 alleges the "Foreclosing Defendants directed Plaintiff to miss THREE (3) mortgage payments . . .
26 in order that it could assist Plaintiff in modifying her loan, which it had no intention to ever do."

(*Id.* ¶ 46.) Misrepresentation is a form of fraud where a false representation is relied upon in fact. *See Pacific Maxon, Inc. v. Wilson*, 96 Nev. 867, 871 (Nev. 1980). Fraud (and misrepresentation) claims must meet a heightened pleading standard under Rule 9, which requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG, LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Morris v. Bank of Nev.*, 886 P.2d 454, 456 n.1 (Nev. 1994). Plaintiff fails to plead any particulars of time, place, identities of parties, or content of the misrepresentation. Therefore the Court dismisses these fraud and misrepresentation claims.

### 6.   Implied Covenant of Good Faith and Fair Dealing

Plaintiff alleges that Defendants violated the implied covenant of good faith and fair dealing by directing her to miss three payments and then refusing to accept further payments after declining to modify her loan. Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting the Restatement (Second) of Contracts § 205 (1981)). "[W]hen one party performs a contract in a manner that is unfaithful to the purpose of the contract . . . damages may be awarded against the party who does not act in good faith." *Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919, 923 (Nev. 1991). In this case, Plaintiff provides no evidence that Defendants guaranteed her a modified loan if she missed three payments. According to Plaintiff, Defendants only suggested such a modification would be "possible" if she were in default. It is unreasonable to assume a contractual promise from an oral representation of possibility. Plaintiff provides no evidence of a contract guaranteeing loan modification and cites no language in the original contract which assures modification. Therefore, the Court dismisses Plaintiff's claim for breach of the covenant of good faith and fair dealing.

/

AO 72
(Rev. 8/82)

### 7. Unjust Enrichment

Plaintiff alleges that Defendants have been unjustly enriched at her expense. To state a claim for unjust enrichment, a plaintiff must allege that (1) the plaintiff conferred a benefit upon the defendant; (2) the defendant appreciated, accepted, and retained the benefit; and (3) it would be inequitable for the defendant to retain the benefit without payment of the value thereof to the plaintiff. *Unionamerica Mortgage & Equity Trust v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981). Under Nevada law, unjust enrichment may not be alleged "where there is an express, written contract" that governs the relationship of the parties. *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (D. Nev. 1997). In this case, the mortgage contract governs the dispute giving rise to the unjust enrichment claim. Furthermore, Plaintiff has merely alleged the basic elements of an unjust enrichment claim without including sufficient facts. The Court therefore dismisses Plaintiff's unjust enrichment claim.

### 8. Nevada Unfair Trade Practices Statute

In her complaint, Plaintiff alleges the Defendants "engage in deceptive business practices." (Pl.'s Second Am. Compl. ¶ 78.) Plaintiff includes a long list of such practices, such as assessing improper or excessive late fees, improperly characterizing customers' accounts as in default, waiving payment and then foreclosing because of those missed payments, misapplying waived payments, instituting premature foreclosure proceedings, collecting improper fees, recording false documents, operating a business without a license, and misleading customers to induce them to miss payments. To survive a motion to dismiss, however, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted). This claim includes only conclusory allegations of wrongdoing. Plaintiff pleads no real facts, let alone facts sufficient to demonstrate a plausible claim for unfair trade practices. Accordingly the Court grants Defendants' motion to dismiss this claim.

/

AO 72
(Rev. 8/82)

9.      **Injunctive Relief**

In her complaint, Plaintiff lists injunctive relief as a cause of action. Injunctive relief, however, is a remedy, not a cause of action, and Plaintiff may not maintain an action for injunctive relief when she has not stated a corresponding claim. *Dalton v. Citimortgage*, 3:09-cv-0534-LDG-VPC, 2011 WL 221715, *3 (D. Nev. Jan. 21, 2011). Accordingly, the Court dismisses this claim for injunctive relief.

### III.    Motion to Amend

In her opposition, Plaintiff "requests leave of court to correct any deficiencies in the Complaint." (Dkt. #13, Pl's Opp'n, ¶ 109.) When seeking leave to amend a pleading, Rule 15-1 of the Local Rules of Practice requires the moving party to "attach the proposed amended pleading to any motion to amend so that it will be complete in itself without reference to the superseding pleading." Plaintiff has not attached a proposed amended pleading; therefore, the Court will not consider such a request at this time.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#10) is GRANTED.

Dated: July 29, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**